UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES EDWARD DAY,

        Plaintiff,

v.                                        Case No:  6:16-cv-191-Orl-22GJK

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

**REPORT AND RECOMMENDATION**

Charles Edward Day (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits. Doc. No. 1. Claimant alleges a disability onset date of May 31, 2012. R. 73, 194. Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to meet the ALJ's burden to show significant numbers of light level work at Step 5 of the sequential evaluation process[1] and in failing to find Plaintiff disabled under the medical-vocational rules. Doc. No. 23 at 7. For the reasons set forth below, it is **RECOMMENDED** that the case be **AFFIRMED**.

     **I.**      **PROCEDURAL HISTORY**

On June 27, 2012, Claimant applied for disability insurance benefits. R. 22, 94. After an initial denial and reconsideration, on April 24, 2014, the ALJ found Claimant was not disabled.

---

[1] See McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986), and 20 C.F.R. § 404.1520(a)(4) (2012), for a description of the five-step sequential process to determine whether a claimant is entitled to supplemental security income and disability insurance benefits.

R. 19, 81, 94. Claimant appealed the decision to the Appeals Council, and on December 2, 2014, it denied review. R. 1-3. On February 3, 2016, Plaintiff filed this appeal. Doc. No. 1.

## II.     STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson v. Perales, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.    ANALYSIS

Although the Joint Memo lists only one issue, Claimant makes two points in his argument. Doc. No. 23. He argues that the hypothetical question posed to the vocational expert ("VE") did not encompass all the limitations in his residual functional capacity ("RFC"), and that

the VE's testimony that the only available jobs for a person in Claimant's situation are at the sedentary level dictates using Medical-Vocational Rule 201.09 to find him disabled. Id. at 9-15.

### A. Hypothetical question to the VE

For the testimony of a VE "to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002); Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999). Failure to recite a complete hypothetical to the VE is generally reversible error. See Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1181 (11th Cir. 2011) (holding that the ALJ committed reversible error by failing to include a claimant's moderate limitation as to concentration, persistence, and pace). Claimant points out that "the jobs the ALJ used to support his finding at Step 5 were not elicited in response to a hypothetical encompassing the limitations in the RFC." Doc. No. 23 at 9.

In the ALJ's decision, he determined that Claimant's RFC is light work, but "less than the full exertional range of light work as defined in 20 CFR 404.1567." R. 27. Regarding Claimant's RFC, he also stated that Claimant:

1. can lift twenty pounds occasionally and ten pounds frequently;
2. can stand or walk for four hours in an eight-hour day;
3. can sit for six hours in an eight-hour day;
4. can frequently balance;
5. can frequently climb ramps and stairs;
6. can occasionally climb ladders, ropes and scaffolds;
7. can occasionally stoop, kneel, crouch and crawl;
8. can frequently use the right upper extremity for overhead reaching;

    9.  should avoid concentrated exposure to vibration; and

    10.  requires a sit/stand option.

R. 27.

At the hearing, the ALJ posed three different hypothetical situations to the VE. R. 66-68. The final hypothetical concerned an individual with an RFC for light work, but with the following abilities and limitations:

    1.  can lift twenty pounds occasionally and ten pounds frequently;

    2.  can stand or walk for four hours in an eight-hour day;

    3.  can sit for six hours in an eight-hour day;

    4.  can frequently balance;

    5.  can frequently climb ramps and stairs;

    6.  can occasionally climb ladders, ropes, scaffolds;

    7.  can occasionally stoop, kneel, crouch, and crawl;

    8.  can <u>occasionally</u> use the right upper extremity for overhead reaching;

    9.  must avoid concentrated exposure to vibration; and

    10. is right-hand dominant.

R. 68. This hypothetical is more limited than the ALJ's RFC in that it restricts Claimant to occasional, rather than frequent, use of the right upper extremity for overhead reaching. R. 27. The VE testified that there were no jobs at the light level that an individual with these limitations could perform. R. 68. However, the ALJ followed up by asking the VE whether there were jobs at a sedentary level with a sit-stand option that Claimant could perform:

> A  Well, based -- I don't want to assume anything, but only sedentary work, based on his background in the case, and no skills transferable at that level.

> Q  Okay. Well, what I'm looking for, then, if you've got some sedentary work that provides for a sit/stand option.
> A  Yeah, there would be some unskilled work at the sedentary level that would provide for a sit/stand option at the workstation.
> Q  Okay.

R. 68. The VE testified that there are two jobs available at the sedentary level meeting these limitations: document preparer or order clerk/food and beverage. R. 68-69.

Although this hypothetical did not encompass Claimant's specific RFC with the limitations as the ALJ determined, if this was error, then it was harmless. The ALJ relied on the VE's testimony that the hypothetical individual could be a document preparer or an order clerk/food and beverage, R. 32, which was in response to the final hypothetical, R. 68. The final hypothetical is identical to Claimant's RFC, except that the hypothetical included a sedentary work level, sit-stand option, and the limitation of only occasionally being able to use the right upper extremity for overhead reaching. R. 68. In contrast, in the final decision, the ALJ found that Claimant's RFC was light and that he could "frequently use the right upper extremity for overhead reaching." R. 27. If Claimant can frequently use his right upper extremity for overhead reaching, then he would be able to perform a job where this is only occasionally required. Similarly, if an individual can perform light work, then he can perform sedentary work. 20 C.F.R. § 404.1567(b) (2015). In short, the hypothetical question to the VE is more restrictive than the ALJ's RFC determination.

In Flanagan v. Colvin, No. 8:15-cv-1542-T-JRK, 2016 WL 4890355, at *4 (M.D. Fla. Sept. 15, 2016), the plaintiff argued that the ALJ erred because the hypothetical the ALJ posed to the VE "limited Plaintiff to sedentary work with additional restrictions . . . rather than light work with additional restrictions as the ALJ found in the written Decision . . . ." The court found that, even if this was error, it was harmless because the hypothetical was more restrictive than the

ALJ's RFC. Id. at *4-5. "[A]lthough the ALJ ultimately decided that Plaintiff can do more than he asked the VE about, the VE's testimony provides substantial evidence to support the ALJ's ultimate step five finding." Id. at *5. See also Freeman v. Comm'r, Soc. Secy. Admin., 593 F. App'x 911, 916 (11th Cir. 2014) (hypotheticals to VE were consistent with ALJ's RFC determination where hypotheticals were more restrictive than examining doctor's limitations).[2]

Here, as in Flanagan, the hypothetical to the VE was more restrictive than the ALJ's ultimate RFC determination. Therefore, any error in not presenting the VE with an exact replica of Claimant's RFC was harmless, and there is substantial evidence to support the ALJ's determination that jobs exist that Claimant can perform.

### B.   The grids and the VE's testimony

Claimant also argues that the ALJ erred in not using Medical-Vocational Rule 201.09, one of the "grids," to find him disabled. Doc. No. 23 at 7-9. Claimant relies on the VE's testimony that the only jobs he could perform were at the sedentary level for his argument that his RFC should be sedentary, and under the grids, someone with an RFC of sedentary, approaching advanced age, and with the other factors, is disabled. Doc. No. 23 at 7. This, however, constitutes an incorrect and backwards approach to the disability determination.

The ALJ determines the claimant's RFC, not the VE. Castle v. Colvin, 557 F. App'x 849, 853 (11th Cir. 2014) ("the pertinent regulations state that the ALJ has the responsibility for determining a claimant's RFC.); see also Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). Then, after determining the RFC, the ALJ uses one of two ways to "determine whether the claimant has the ability to adjust to other work in the national economy." Phillips v. Barnhart, 357 F.3d at 1239-40. The Court explained:

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

> Social Security regulations currently contain a special section called the Medical Vocational Guidelines. 20 C.F.R. pt. 404 subpt. P, app. 2. The Medical Vocational Guidelines ("grids") provide applicants with an alternate path to qualify for disability benefits when their impairments do not meet the requirements of the listed qualifying impairments. The grids provide for adjudicators to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each of these factors can independently limit the number of jobs realistically available to an individual. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."
>
> The other means by which the ALJ may determine whether the claimant has the ability to adjust to other work in the national economy is by the use of a vocational expert. A vocational expert is an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments. When the ALJ uses a vocational expert, the ALJ will pose hypothetical question(s) to the vocational expert to establish whether someone with the limitations that the ALJ has previously determined that the claimant has will be able to secure employment in the national economy.

Id. Thus, an ALJ may, if appropriate, utilize the grids, or, if the grids are not appropriate, utilize the VE's testimony to determine whether the claimant has the ability to adjust to other work that exists in the national economy. Id.; see also Cook v. Astrue, 2012 WL 4356261, at *5 (M.D. Fla. Sept. 24, 2012). The purpose of the grids is to provide the ALJ with substantial evidence upon which he may rely in an efficient manner to determine whether a significant number of jobs exist that a claimant can perform based upon the claimant's age, education, work experience, and RFC. Heckler v. Campbell, 461 U.S. 458, 460-61 (1983)

The grids "do not cover all possible variations of factors," and the Commissioner does not "apply these [grids] if one of the findings of fact about the person's vocational factors and [RFC] is not the same as the corresponding criterion of a [grid]."). 20 CFR 404.1569; see also Campbell, 461 U.S. at 462 n.5 ("[T]he regulations provide that the [grids] will be applied only when they describe a claimant's abilities and limitations accurately." (Emphasis added)).

Initially, the ALJ makes factual findings as to the claimant's exertional RFC, age, education, and work experience. 20 CFR Pt. 404, Subpt. P, App. 2 § 200.00(a); 20 CFR § 404.1569a(a). Exertional limitations include only the strength demands of work – sitting, standing, walking, lifting, carrying, pushing, and pulling. 20 CFR § 404.1569a(b).

For claimants found capable of a full range of the exertional requirements of sedentary, light, or medium work, the grids provide corresponding tables for each of those classifications and account for the additional factors of age, education, and work experience. See 20 CFR Pt. 404, Subpt. P, App. 2. It is only where the claimant's exertional RFC and additional factors correspond exactly with all the particular criteria of a given rule that the grids direct a result. See 20 CFR Pt. 404, Subpt. P, App. 2 § 200.00. If the grids direct a result, they are not used as a framework, but "leave no discretion to the ALJ, for they direct the ultimate conclusion of whether a claimant is capable of other substantial gainful work in the national economy." Broz v. Schweiker, 677 F.2d 1351, 1356 (11th Cir. 1982), adhered to sub nom. Broz v. Heckler, 711 F.2d 957 (11th Cir. 1983). Thus, if a claimant has only exertional limitations – limitations in the ability to sit, stand, walk, lift, carry, push, and pull – and if those exertional limitations correspond exactly to the definitions of sedentary, light, medium, heavy, or very heavy work, after applying the additional factors for age, education, and work experience, then the grids will direct a decision as to whether the claimant is disabled. See 20 CFR § 404.1569a(b); 20 CFR § 404.1567(a)-(e); 20 CFR Pt. 404, Subpt. P, App. 2 § 200.00. See also Gibson v. Heckler, 762 F.2d 1516, 1521 (11th Cir. 1985) (holding grids did not "direct" result of not disabled where the ALJ found that the claimant could only perform "some sedentary work").[3]

---

[3] The Eleventh Circuit has repeatedly stated that "[e]xclusive reliance upon the grids is not appropriate . . . when the claimant is unable to perform a full range of work at a given residual functional level. . . ." Francis v. Heckler, 749

Nonexertional limitations affect a claimant's ability to meet the demands of work unrelated to the strength demands of that work. 20 CFR § 404.1569a(c)(1). Examples of non-exertional impairments include limitations in the ability to: manage pain, bend, stoop, crouch, climb, crawl, understand or remember instructions, maintain attention, concentration or pace, see, speak or hear, tolerate environmental conditions in the workplace, and socially function in the workplace. 20 CFR § 404.1569a(c)(1).

If a claimant has both exertional and nonexertional limitations, the regulations state the following:

> [W]here an individual has an impairment or combination of impairments resulting in both strength limitations and nonexertional limitations, the rules in this subpart are considered in determining first whether a finding of disabled may be possible based on the strength limitations alone and, if not, the rule(s) reflecting the individual's maximum residual strength capabilities, age, education, and work experience provide a framework for consideration of how much the individual's work capability is further diminished in terms of any types of jobs that would be contraindicated by the nonexertional limitations. Also, in these combinations of nonexertional and exertional limitations which cannot be wholly determined under the rules in this appendix 2, full consideration must be given to all of the relevant facts in the case in accordance with the definitions and discussions of each factor in the appropriate sections of the regulations, which will provide insight into the adjudicative weight to be accorded each factor.

20 CFR Pt. 404, Subpt. P, App. 2 § 200.00(e)(2) (emphasis added). Thus, if a claimant has both exertional and nonexertional impairments, and the exertional limitations alone do not direct a finding of disability, the grids are used only as a framework for decision making. Id. See also 20 CFR § 404.1569a(d) (if claimant has both exertional and nonexertional limitations "we will not directly apply the [grids, but] the rules provide a framework to guide our decision.").

---

F.2d 1562, 1566 (11th Cir. 1985); Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir. 1995); Wolfe v. Chater, 86 F.3d 1072, 1077 (11th Cir. 1996); Phillips v. Barnhart, 357 F.3d at 1242.

As demonstrated above, an RFC is needed to apply the grids. The grids direct a result only where the claimant's exertional RFC and additional factors correspond exactly with all the particular criteria of a given rule. See 20 CFR Pt. 404, Subpt. P, App. 2 § 200.00. Under Phillips v. Barnhart, 357 F.3d at 1239-40, and as discussed, if the grids do not direct a result, then the ALJ turns to the VE to decide whether the claimant has the ability to adjust to other work that exists in the national economy. The VE's testimony is not used to establish the RFC; indeed, the VE does not have the expertise to provide substantial evidence of an RFC, as the VE is not a medical professional. Instead, the VE's testimony is based on a given set of functional limitations. See Phillips v. Barnhart, 357 F.3d at 1239-40. Because the ALJ must determine the RFC to then, in turn, determine whether to apply the grids or whether to use VE testimony, a reliance on the VE's testimony to argue that Claimant should be considered disabled under the grids is unavailing.

Claimant's argument is also meritless because he fails to argue that the ALJ erred in giving him an RFC of light work with additional limitations, rather than an RFC of sedentary work. By not challenging the ALJ's RFC determination, Claimant waived arguments regarding it and cannot challenge the RFC through the backdoor method of relying on the VE's testimony. Daniell v. Comm'r Soc. Secy., No: 8:15-cv-1563-T-JSS, 2016 WL 3901387, at *1, n.1 (M.D. Fla. July 29, 2016) (claimant waived issue of ALJ's RFC determination where she did not challenge the ALJ's finding).

As the Commissioner points out, Rule 201.09 applies only to a sedentary RFC, and the ALJ assigned Claimant an RFC that included a range of light work. Doc. No. 23 at 13. It therefore would have been error for the ALJ to apply Rule 201.09. See Freeman v. Comm'r, Soc. Secy. Admin., 593 F. App'x 911, 916, n.4 (11th Cir. 2014) (argument that ALJ did not properly

apply grids was rejected where it was based on RFC being limited to sedentary work, but substantial evidence supported ALJ's RFC determination of wide range of medium and light work); Irby v. Halter, 171 F. Supp. 2d 1287, 1291 (S.D. Ala. 2001) (where court rejected plaintiff's argument that he could not perform light work, claim that he was disabled under grids for sedentary work was without merit). Because Claimant's RFC and additional factors did not correspond exactly with all the particular criteria of Rule 201.09, the ALJ made no error in not applying it. Also, Claimant's argument ignores the regulation that if an individual can perform light work, then he can perform sedentary work. 20 C.F.R. § 404.1567(b) (2015).

Even if Claimant could point to the VE's testimony in arguing that the grids should apply, that argument fails under the standard of review, which is whether there is substantial evidence supporting the ALJ's determination. The ALJ determined that Claimant's RFC is light work, with some limitations. R. 27. In support, the ALJ cited to Dr. Perdomo's opinion that Claimant can walk or stand for four hours a day in an eight-hour day, that he can sit for six hours a day in an eight-hour day, and that he should lift no more than twenty pounds occasionally. R. 29. Dr. Perdomo's opinion was rendered on August 29, 2012, after examining Claimant. R. 247-48. The ALJ also noted Claimant continues to work in his lawn care business, albeit only two days a week for five hours at a time, and the work he does is mowing lawns by using the riding lawn mower. R. 24, 49. This constitutes substantial evidence supporting the ALJ's decision that Claimant's RFC is light with some limitations, despite the VE's testimony that the only jobs available to Claimant are at the sedentary level. The ALJ did not err in failing to find Claimant disabled under Rule 201.09, as that rule applies to the sedentary level, not light, and there was substantial evidence supporting the ALJ's determination of the Claimant's work level as light.

### IV. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **AFFIRM** the final decision of the Commissioner; and

2. Direct the Clerk to enter judgment in favor of the Commissioner and close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida, on January 18, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Suzanne Lynn Harris, Esq.
Of Counsel, Olinsky Law Group
One Park Place
300 South State St., Suite 420
Syracuse, NY 13202

John F. Rudy, III
Suite 3200
400 N. Tampa St.
Tampa, FL 33602

- 13 -

Mary Ann Sloan, Regional Chief Counsel
Jerome Albanese, Acting Regional Deputy Chief Counsel
Brian Seinberg, Branch Chief
Timothy Stevens, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Venter
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Robert D. Marcinkowski
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801