# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHARLES EDWARD DAY,**

      **Plaintiff,**

**v.**                                                                                                   **Case No: 6:16-cv-191-Orl-22GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

---

## ORDER

This cause is before the Court on Plaintiff Charles Edward Day's ("Plaintiff") Complaint for review of the final decision of the Commissioner of Social Security (the "Commissioner") denying benefits to Plaintiff.

The United States Magistrate Judge has submitted a report recommending that the decision of the Commissioner be AFFIRMED. Doc. 24.

After an independent *de novo* review of the record in this matter, including the Objections filed by the Charles Edward Day (Doc. 25) and the Commissioner's Response (Doc. 26), the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation.

## I. BACKGROUND

The Court briefly sets forth the relevant procedural history. On June 27, 2012, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning on May 31, 2012. R. at 22. After his application was denied initially and on reconsideration, on March 6, 2014, an Administrative Law Judge ("ALJ") held a hearing at Plaintiff's request. R. 41-70. On April 24, 2014, the ALJ issued a decision finding Plaintiff not disabled. R. at 19, 81, 94. Based on the ALJ's residual functional capacity ("RFC") assessment and the testimony of the vocational expert ("VE"), the ALJ found that Plaintiff could perform other

work available in the national economy. R. 32-33. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied Plaintiff's request for review. R. 1-6. Thereafter, on February 3, 2016, Plaintiff filed his Complaint in this Court. Doc. 1.

## II. LEGAL STANDARDS

A. *Review of Magistrate Judge's Report & Recommendation*

In the Eleventh Circuit, a district judge may accept, reject or modify a magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982), *cert. denied*, 459 U.S. 1112, 103 S.Ct. 744, 74 L.Ed.2d 964 (1983). A district judge must conduct a *de novo* review of the portions of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1) (C). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*. This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir.1990) (citing H.R.Rep. No. 94–1609, 94th Cong., 2nd Sess., *reprinted in* 1976 U.S.Code Cong. & Admin. News 6162, 6163). A district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper–Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir.1994).

B. *Social Security Sequential Evaluation Process*

When an ALJ makes a disability determination, the ALJ follows a five-step evaluation process: (1) whether Plaintiff is currently performing substantial gainful activity; (2) whether Plaintiff has a severe impairment; (3) whether the severe impairment meets or exceeds an impairment in the listings; (4) whether the Plaintiff can perform his past relevant work; and (5) whether Plaintiff can perform other jobs that exist in the national economy. *See Wright v. Comm'r*

*of Soc. Sec.*, 327 F. App'x 135, 136–37 (11th Cir. 2009) (per curiam) (citations omitted)[1]. The Plaintiff has the burden of proof on the first four steps; the Commissioner carries the burden on the fifth step. *Id.* at 137 (citation omitted).

When reviewing the ALJ's findings of fact, the Social Security Act mandates that "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citation omitted). Substantial evidence is evidence that is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Id.* at 1560 (citations omitted). The Court also reviews *de novo* the ALJ's conclusions of law. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007). If the ALJ fails to apply the correct law or provide the Court with sufficient reasoning for determining that the proper legal analysis was conducted, then the Court must reverse. *Id.* (citation omitted).

### III. PLAINTIFF'S OBJECTIONS

Plaintiff's objections are limited to the ALJ's determination regarding Step 5 finding that Plaintiff was able to perform a significant number of relevant jobs in the national economy. Doc. 25. At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of light work, lifting twenty pounds occasionally and ten pounds frequently; standing/walking for up to four hours in an eight-hour day; sitting for up to six hours in an eight-hour day; and requiring a sit/stand option with additional restrictions[2]. R. 27. Considering Plaintiff's age, education, work experience, and RFC, and based on the testimony of the VE, the ALJ determined that there were jobs which exist in significant numbers in the national economy that Plaintiff was capable of performing, *i.e.*, the representative occupations of document

---

[1] Unpublished Eleventh Circuit opinions can be cited as persuasive, but not binding, authority.
[2] Plaintiff did not challenge the ALJ's determination of his RFC. *See* Docs. 24, 25.

preparer and order clerk/food and beverage. R. 32. The ALJ accordingly concluded that Plaintiff had not been under a disability from May 31, 2012 through the date of the decision. R. 33.

Plaintiff contends the ALJ erred at Step 5 in finding there was a significant number of jobs in the national economy that Plaintiff could perform. He argues that the ALJ's RFC was for light work and, if Plaintiff is only able to perform sedentary jobs, then Plaintiff should be found disabled under the Agency's own rules. Doc. 25 at 2. Plaintiff cites in support the Ninth Circuit's decision in *Distasio v. Shalala*, 47 F.3d 346, 349-50 (9th Cir. 1995), finding that "[b]ecause the Secretary failed to produce evidence that any job categorized as light work was available to [the plaintiff], but only produced evidence of sedentary work available to him, the use of the grid rule 202.14 [related to light work] as a framework for decision-making was not based on substantial evidence." Doc. 25 at 2 (citing *Distasio*, 47 F.3d at 350). Plaintiff contends, "[t]his is exactly the same situation present in this case and the result should be the same due to the logical supportability of the *Distasio* decision." *Id.*

Plaintiff argues that Magistrate Judge Kelly in this case erred in determining substantial evidence supported the ALJ's finding of "not disabled" based on the light-level RFC via the opinion from Dr. Perdomo. Plaintiff argues that Magistrate Judge Kelly's conclusion ignores the fact that the ALJ has the burden at Step 5. Doc. 25 (citing *Bear v. Astrue*, 838 F.Supp.2d 1267, 1272 (M.D. Fla. 2011) and *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)). Plaintiff also argues that Magistrate Judge Kelly misconstrued his fundamental argument, which was not that the ALJ should have changed the RFC to limit Plaintiff to sedentary work based on the VE's testimony, but that the ALJ failed to meet what Plaintiff argues was the Commissioner's burden to show that there were at least some light-level jobs in the national economy that Plaintiff remained able to perform with the provided RFC. Doc. 25 at 2-3.

Plaintiff contends that he would be disabled under the Agency's own rules if he is only able to perform sedentary jobs. He relies on the Ninth Circuit's holding in *Distasio v. Shalala*, 47

F.3d 348, 349-50 (9th Cir. 1995) as finding that there was reversible error where the ALJ failed to apply the Medical-Vocational Rules to direct a finding of disability despite the ALJ's acceptance of VE testimony that, even with an arguably light-level RFC, the only jobs that plaintiff would actually be able to perform were at the sedentary exertional level. Plaintiff cites language from the *Distasio* holding that states:

> Because the Secretary failed to produce evidence that any job categorized as light work was available to [plaintiff], but only produced evidence of sedentary work available to him, the use of the grid rule 202.14 [related to light work] as a framework for decision-making was not based on substantial evidence.

*Distasio*, 47 F. 3d at 350. He argues that the exact same situation present in this case and the result should be the same based on the logic of the *Distasio* decision.

The Commissioner argues[3] that Grid rule 201.09 pertained to individuals limited to sedentary work, and the ALJ limited Plaintiff to a reduced range of light work (at R. 27), thus, a different Grid rule (202.10) most closely corresponds to Plaintiff's RFC and other vocational characteristics as a framework for the ALJ's decision. Doc. 23 at 13. The Commissioner also argues that the ALJ correctly did not use the Grids to direct a finding of disabled or not disabled because Plaintiff had additional postural and environmental limitations and his RFC did not fit within the criteria of any Grid rule, and the ALJ correctly relied on the VE's testimony to determine Plaintiff could perform other work. Doc. 23 at 13-14 (citing *Wolfe v. Chater*, 86 F.3d 1072, 1077-78 (11th Cir. 1996); *Watson v. Astrue*, 376 F. App'x 953, 958-59 (11th Cir. 2010) ("Once it is clear that the grids do not direct a finding of disability one way or the other, the ALJ must make an individualized assessment of whether the claimant can" do other work, and "[w]hile reference to the grids may be helpful in some cases, the grids are in fact a proxy for individualized evidence, and may not always be helpful."); *Hutchison v. Astrue*, No. 2:08-cv-741-FtM-29SPC, 2009 WL

---

[3]The Commissioner filed a response which relied on the arguments "addressed at length in the Commissioner's portion of the Joint Memorandum." Doc. 26 (referring to Doc. 23 at 11-15).

4730556, at *3 (M.D. Fla. Dec. 4, 2009) ("[S]ince the Grids are not controlling, the Court rejects the argument that plaintiff must be found disabled under the Grids. Plaintiff cannot be placed in a category on the Grids when her conditions do not satisfy all of the Grids' requirements."). The Commissioner also argues that Plaintiff's theory ignores the ALJ's RFC finding regarding Plaintiff's exertional abilities, which were in excess of sedentary work—that Plaintiff could walk for four out of eight hours, and lift twenty pounds occasionally and ten pounds frequently, which is greater than the requirements of sedentary work—and supported a finding that he could perform a reduced range of light work. Doc. 23 at 13 (citing R. 27).

Lastly, the Commissioner argues that Plaintiff does not point to any controlling authority for his assertion that he would be limited to sedentary work if the VE could only identify sedentary jobs, and his argument is contrary to Commissioner's regulations, which state, "If someone can do light work, we determine that he or she can also do sedentary work." 20 C.F.R. § 404.1567(b). Thus, the Commissioner argues, the ALJ properly evaluated Plaintiff under the light work Grid rule. The Commissioner contends the ALJ properly considered the relevant evidence and performed his duty as the trier of fact of weighing and resolving any conflicts in the evidence, thus, substantial evidence supported the ALJ's conclusion that Plaintiff was not disabled.

In considering Plaintiff's and the Commissioner's arguments, Magistrate Judge Kelly found Plaintiff's argument that his RFC should be sedentary based on the VE testimony to be "an incorrect and backwards approach to the disability determination":

> [A]n RFC is needed to apply the grids. The grids direct a result only where the claimant's exertional RFC and additional factors correspond exactly with all the particular criteria of a given rule. See 20 CFR Pt. 404, Subpt. P, App. 2 § 200.00. Under *Phillips v. Barnhart*, 357 F.3d at 1239-40, and as discussed, if the grids do not direct a result, then the ALJ turns to the VE to decide whether the claimant has the ability to adjust to other work that exists in the national economy. The VE's testimony is not used to establish the RFC; indeed, the VE does not have the expertise to provide substantial evidence of an RFC, as the VE is not a medical professional. Instead, the VE's testimony is based on a given set of functional limitations. *See Phillips v. Barnhart*, 357 F.3d at 1239-40. Because the ALJ must determine the RFC to then, in turn, determine whether to apply the grids or whether

> to use VE testimony, a reliance on the VE's testimony to argue that Claimant should be considered disabled under the grids is unavailing.

Doc. 24 at 10.

Judge Kelly also found Plaintiff had failed to challenge the ALJ's RFC determination that Plaintiff was capable of light work with additional limitations, rather than an RFC of sedentary work, and had waived any argument regarding the RFC. Doc. 24 at 10. He also found that the ALJ's determination of Plaintiff's RFC as capable of light work with some limitations, in spite of the VE's testimony that the only jobs available at the sedentary level, was supported by substantial evidence. *Id.* at 11. Judge Kelly further agreed with the Commissioner that Rule 201.09 applied only to a sedentary RFC, and because the ALJ assigned Plaintiff an RFC that included a range of light work, it would have been error for the ALJ to apply Rule 201.09 from the Grids. Doc. 24 at 10-11 (citing *Freeman v. Comm'r, Soc. Secy. Admin.*, 593 F. App'x 911, 916, n.4 (11th Cir. 2014) (argument that ALJ did not properly apply grids was rejected where it was based on RFC being limited to sedentary work, but substantial evidence supported ALJ's RFC determination of wide range of medium and light work); *Irby v. Halter*, 171 F. Supp. 2d 1287, 1291 (S.D. Ala. 2001) (where court rejected plaintiff's argument that he could not perform light work, claim that he was disabled under grids for sedentary work was without merit), *aff'd*, 281 F.3d 1286 (11th Cir. 2001)).

In his Objections to Magistrate Judge Kelly's Report and Recommendation, Plaintiff cites the Ninth Circuit's decision in *Distasio v. Shalala* as persuasive authority, but omits any reference or discussion to the more persuasive decisions of other Courts of Appeals such as *Anderson v. Commissioner*, 406 F. App'x 32 (6th Cir. 2010), which have rejected the reasoning of *Distasio* and are more consistent with the Eleventh Circuit's decision in *Phillips v. Barnhart,* 357 F.3d 1232 (11th Cir. 2004), the main case relied upon by Magistrate Judge Kelly. Doc. 25. In *Anderson,* the court held under a nearly identical set of facts that the ALJ had correctly determined the plaintiff—considered to be "closely approaching advanced age"—was not disabled in reliance on VE

testimony rather than based on the Grids, even though the VE identified only sedentary jobs in response to a hypothetical containing the plaintiff's limitations. The court first explained that the application of the Grids is limited to situations when a claimant can perform the full range for a category of jobs, *i.e.,* light, sedentary, etc.:

> A grid that accounts for an individual's RFC and various other vocational factors, such as age and educational background, is included in the regulations to provide guidance at step five. See 20 C.F.R. pt. 404, subpt. P, app. 2. Where common patterns of these factors are present, the grid guidelines reflect the Commissioner's categorical determination of eligibility for benefits, thereby simplifying decisionmaking in common scenarios. "Where the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled." *Id.* at § 200.00(a). For example, if [the claimant] could perform all light work jobs, then accounting for his limited education, ability to speak English, and no relevant work experience, the grid would dictate a finding of "not disabled." *See id.* at § 202.10. On the other hand, if [the claimant] could perform only sedentary work, then the grid would dictate a finding of "disabled." *See id.* at § 201.09.
>
> The regulations define sedentary work as "involving lifting no more than 10 pounds at a time" and "walking and standing are required [only] occasionally." SSR 83–10. Light work, on the other hand, is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," and that "a good deal of walking or standing" is required. *Ibid.*

406 F. App'x at 35. However, when a claimant can perform less than a full range of work at a certain exertional level, the ALJ must consult a VE:

> Where a claimant's RFC is in between two exertional levels, such as the case here where the ALJ found that [the claimant] could perform a limited range of light work, the grid guidelines, which reflect only common—and not all—patterns of vocational factors, are not binding and are instead used only as an analytical framework. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(d). In such a situation, a VE is brought in to testify as to whether a significant number of jobs exist in the national economy that a hypothetical individual with the claimant's limitations can perform. See SSR 83–12. As long as the VE's testimony is in response to an accurate hypothetical, the ALJ may rely on the VE's testimony to find that the claimant is able to perform a significant number of jobs. *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994).

*Id*. Similar to Plaintiff's argument in this case, the claimant in *Anderson* argued that because the VE identified only sedentary jobs[4] in response to the ALJ's hypothetical, the ALJ lacked substantial evidence to conclude that the claimant was capable of performing light work. *Id*. Although the claimant did not explicitly claim that the VE's testimony should change his RFC to sedentary, he argued that it should dictate the application of a "sedentary" Grid rule[5].

The Sixth Circuit found, contrary to the holding in *Distasio v. Shalala*, that the claimant's argument was "premised on a misunderstanding of the regulations." *Id*. at 36. As the court explained:

> [T]he ALJ found that [the claimant] has the RFC to perform light work with certain modifications. [He] does not dispute this RFC. Rather, he supposes that if the VE testified as to the existence of jobs that [he] could perform that a person with a sedentary RFC could also perform, then that testimony would change Anderson's RFC to sedentary and, pursuant to the grid guidelines, dictate a finding of "disabled." Compare 20 C.F.R. pt. 404, subpt. P, app. 2, at § 202.10 with *id*. at § 201.09 (whether a claimant with certain characteristics in disabled hinges on whether the claimant has an RFC for light work or for sedentary work).
>
> That is not how the system operates. The RFC is based on the claimant's particular disabilities, an inquiry wholly independent from what jobs are available in the regional and national economy. See 20 C.F.R. § 404.1545(a) (listing factors that determine an RFC). The VE does not testify as to what the claimant is physically capable of doing, but rather as to what jobs are available, given the claimant's physical capabilities. Thus, in a step-five analysis, the VE's testimony depends upon the RFC and not the other way around. *Walters v. Comm'r*, 127 F.3d 525, 529 (6th Cir.1997) ("Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.") (emphasis supplied).
>
> Significantly, every court to have considered the precise argument that Anderson makes here has rejected its underlying understanding of the law. *See, e.g., Ayala v. Astrue*, 2010 WL 2757492 (C.D.Cal. July 16, 2010); *Lee v. Barnhart*, 63 Fed.Appx. 291 (9th Cir. 2003); *Johnson v. Barnhart*, 2005 WL 3271953 (W.D.Wisc. Nov. 29, 2005).

---

[4]The court assumed without deciding that the jobs identified by the VE were sedentary jobs. 406 F. App'x at 35-36.

[5]The Sixth Circuit panel interpreted the claimant's argument to mean effectively that the VE's testimony would determine the RFC even though the Grid rules are based on the RFC and the characteristics of the available jobs. 406 F. App'x at 35 n.1.

406 F. App'x at 36. In one of the cases cited by the Sixth Circuit addressing the same issue, *Johnson v. Barnhart*, the district court summarized and rejected the same argument asserted in this case:

> [P]laintiff points to the VE's testimony that the identified desk and counter clerk jobs also could be performed by an individual who was limited to sedentary work with a sit-stand option. From this testimony, plaintiff reasons that this means that she can perform only sedentary work. Plaintiff's reasoning is unsound. The VE was not opining as to plaintiff's limitations, she was stating the unremarkable proposition that the jobs she had identified were so limited in their exertional requirements that they could be performed by workers limited to less than light work. A person who has a residual capacity for light work generally also can perform sedentary work. It is a non sequitur to argue that because plaintiff suffered conditions that limited her job base essentially to sedentary jobs, the ALJ erred in concluding that plaintiff was able to perform a limited range of light work.

No. 05-C-129-C, 2005 WL 3271953, *14 (W.D.Wisc. Nov. 29, 2005) (quoted with approval in *Anderson*), *report & recom. adopted*, 2006 WL 6000889 (W.D.Wis. Feb. 10, 2006). *See also Carrithers v. Astrue*, No. 10-cv-03053-CMA, 2011 WL 5984721 (D. Colo. Nov. 30, 2011) (finding *Distasio* unpersuasive and affirming the ALJ's decision based on the VE's testimony that Plaintiff, with an RFC for a reduced range of light work, could perform the sedentary jobs of document preparer, charge account clerk, and telephone quotation clerk).

In this case, the ALJ determined that Plaintiff had the RFC for light work with additional limitations for a reduced range of light work, rather than an RFC for sedentary work. R. 27. The ALJ then properly posed a hypothetical to the VE which contained all of Plaintiff's limitations:

> The individual that I'm describing can lift 20 pounds occasionally, 10 pounds frequently; stand/walk up to four hours in an eight-hour day, and sit up to six hours in an eight-hour day. So I'm changing the parameters for the standing aspect of it. . . . [Is there] any other work that this individual could perform with those additional limitations . . . [W]hat I'm looking for, then, if you've got some sedentary work that provides for a sit/stand option.

R. 68. The VE responded that there would be "some unskilled work at the sedentary level that would provide for a sit/stand option at the workstation." R. 68. The VE identified the positions of

document preparer (15,000 jobs in the national labor market) and food and beverage clerk (18,000 jobs); both unskilled jobs were possible to be performed sitting or standing on task at the workstation. R. 69.

"Where a claimant's RFC is in between two exertional levels, . . . the grid guidelines, which reflect only common—and not all—patterns of vocational factors are not binding and are instead used only as an analytical framework. In such a situation, a VE is brought in to testify as to whether a significant number of jobs exist in the national economy that a hypothetical individual with the claimant's limitations can perform." *Smith v. Astrue*, No. 3:10cv641-WC, 2011 WL 2650588 (M.D. Ala. July 6, 2011) (quoting *Anderson*, 406 F. App'x at 35); *see Wolfe v. Chater*, 86 F.3d 1072, 1077-78 (11th Cir. 1996) ("The ALJ should not rely exclusively on the grids when the claimant has a nonexertional impairment that significantly limits his basic work skills or the claimant cannot perform a full range of employment at the appropriate level of exertion."); *Welch v. Bowen*, 854 F.2d 436, 439–40 (11th Cir. 1988) (where non-exertional impairments exist, the ALJ may use the grids as a framework to evaluate vocational factors but also must introduce independent evidence, preferably through a vocational expert's testimony, of the existence of jobs in the national economy that the claimant can perform"). In *Anderson*, the vocational expert testified that the claimant who had an RFC for a reduced range of light work could perform the sit/stand positions of cashier, counter clerk, inspector, order clerk, and information clerk. 406 F. App'x 33. "The VE does not testify as to what the claimant is physically capable of doing, but rather as to what jobs are available, given the claimant's physical capabilities. Thus, in a step-five analysis, the VE's testimony depends upon the RFC and not the other way around." *Id.* at 36.

In this case, the ALJ proposed a hypothetical corresponding to Plaintiff's RFC which contained all of Plaintiff's limitations, and the ALJ appropriately relied on the VE's testimony to find Plaintiff could perform other work in the national economy. As such, the ALJ's decision was based on substantial evidence and is **AFFIRMED**.

Therefore, it is **ORDERED** as follows:

1. The Report and Recommendation filed January 18, 2017 (Doc. No. 24), is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Plaintiff's objections are **OVERRULED.**

3. The final decision of the Commissioner of the Social Security Administration denying the claim for Disability Insurance Benefits is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

4. The Clerk is directed to enter judgment, accordingly, and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on April 19, 2017.

*[signature]*
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties